**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-02886-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Oscar Alexander, et al., | |
| Defendants. | |

Plaintiff has filed a motion for an award of nontaxable costs and attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and this district's local rules. *See* LRCiv. 54.2(c). The Court will grant the motion in part and deny it in part.

**I.  LEGAL STANDARD**

A party seeking an award of attorneys' fees must show they are (1) eligible for a fee award, (2) entitled to a fee award, and (3) requesting a reasonable fee amount. LRCiv. 54.2(c)(1)–(3). Here, Plaintiff prevailed on its 47 U.S.C. § 605 claim for relief. (Doc. 44). That statute states the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). As the prevailing party, Plaintiff is thus entitled to and eligible for "reasonable" attorneys' fees. *See id.*; LRCiv. 54.2(c).

Federal courts generally use the "lodestar" method to determine if an attorney's fee award request is reasonable. *See G&G Closed Circuit Events LLC v. Espinoza*, 2020 WL 1703630, *1 (D. Ariz. Apr. 8, 2020); *Gonzalez v. City of*

*Maywood*, 729 F.3d 1196, 1201 (9th Cir. 2013). First, the Court must determine the initial lodestar figure by multiplying a reasonable hourly rate by the number of hours reasonably spent on the litigation. *Id.*; *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Then, the Court may modify the lodestar figure "upward or downward based on a variety of factors." *Gonzalez*, 729 F.3d at 1202 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)); *see also* LRCiv. 54.2(c)(3)(A)–(M) (listing factors that may influence the reasonableness of the requested fee award).

The fee award applicant bears the burden of producing both (i) detailed time records to establish that the number of compensable hours requested is reasonable, and (ii) "satisfactory evidence" that the requested hourly rate comports with prevailing market rates for attorneys in the forum district with similar skill, experience, and reputation. *Gonzalez*, 729 F.3d at 1202–06; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court may reduce the number of hours claimed by the fee applicant if "the documentation of hours is inadequate, or if the hours expended are excessive and unnecessary." *J&J Sports Productions, Inc. v. Marini*, 2018 WL 2155710, *1 (E.D. Cal. May 10, 2018); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

## II. DISCUSSION

Plaintiff's Counsel seeks attorneys' fees in the amount of $18,551.80. (Doc. 46). This figure includes: 8.53 hours at $550.00 an hour for Plaintiff's Counsel; 37.5 hours at $300.00 an hour for his research attorney; and 23.73 hours at $110.00 an hour for his administrative assistant. *Id.* Plaintiff's Counsel states that his firm "specializes in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events and has done so since December 1994." (Declaration of Thomas P. Riley ("Riley Decl."), Doc. 46-2 at ¶ 6). No substantive information is supplied regarding the research attorney or the administrative assistant.

At the outset, the Court will recognize some guiding principles in determining the reasonableness of the fee award requested. Given Plaintiff's Counsel's experience with similar 47 U.S.C. § 605 cases, this body of work would not be considered complicated. He

is working within a closed universe of caselaw and arguments of this type are not typically novel. The use of administrative assistants for clerical and/or duplicative work will not be included in the lodestar figure. *Marini*, 2018 WL 2155710, at *2. Compensation for use of boilerplate and form documents will likewise be reduced. *See Espinoza*, 2020 WL 1703630, at *1.

### A.    Hourly Rates

Determination of a reasonable hourly rate is required for the lodestar figure calculation. *See Gonzalez*, 729 F.3d at 1201. The reasonableness of an hourly rate depends on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers*, 796 F.2d at 1210–11. "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Marini*, 2018 WL 2155710, at *1; *see also Gonzalez*, 729 F.3d at 1205. Here, the claimed hourly rate must be compared against attorneys practicing in the Phoenix Division for the District of Arizona.

Plaintiff's Counsel depends on the "Laffey matrix" and his own declaration to establish the reasonableness of his hourly rate. (Riley Decl. ¶¶ 9–12). While the Laffey matrix sets forth the prevailing market rates for attorneys practicing in the District of Columbia, the Court is not convinced that it is appropriate here. The matrix's relevance in determining reasonable rates outside of the District of Columbia has been previously questioned. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere…"); *J&J Sports Productions, Inc. v. Duong*, 2014 WL 1478498, *3 (N.D. Cal. Apr. 14, 2014). Courts in this jurisdiction and elsewhere have declined to accept Plaintiff's Counsel's explanation as reliable evidence of the reasonableness of his rates. *See e.g.*, *Espinoza*, 2020 WL 1703630, at *3; *J&J Sports Productions Incorporated v. Patel*, 2018 WL 1609731, *4 (D. Ariz. Apr. 3, 2018); *Duong*, 2014 WL 1478498, at *3–4;

*Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, *2 (E.D. Cal. Aug. 13, 2013). Accordingly, Plaintiff's Counsel has not met his required burden of providing "satisfactory evidence" that the requested hourly rates are reasonable as applied to the Phoenix legal market. *See Gonzalez*, 729 F.3d at 1202–06.

The Court must thus independently determine the reasonable hourly rate component of the lodestar figure. Based on relevant caselaw and market rates in this district for similar legal work, the Court will reduce Plaintiff's Counsel's rate to $350 per hour. *See Espinoza*, 2020 WL 1703630, at *3; *Patel*, 2018 WL 1609731, at *4 (citing to cases finding a $300–$350 per hour rate reasonable for attorneys with similar experience as Plaintiff's Counsel); *Marini*, 2018 WL 2155710, at *2.

Questions regarding the experience and identity of Plaintiff's research attorney have been raised in the past. *See, e.g.*, *Espinoza*, 2020 WL 1703630, at *4. Despite previous courts raising this issue, Plaintiff's Counsel in this fee application did not provide much relevant information about the research attorney. (Riley Decl. ¶ 5 (describing only that the research attorney's experience includes practicing law for over twenty-five years, ten of which include assisting Plaintiff's Counsel with commercial signal piracy claims)). Without having a clear baseline from which to determine fee reasonableness (such as a curriculum vitae), the Court will reduce the research attorney's rates to $150 per hour to be consistent with rates previously determined reasonable in this district and others. *See Espinoza*, 2020 WL 1703630, at *4; *Patel*, 2018 WL 1609731, at *4. The Court declines to determine the reasonableness of the administrative assistant's hourly rates, as the Court will not award any fees for the clerical tasks completed by the administrative assistant, as discussed below.

**B.    Compensable Hours**

The lodestar figure requires the determination of a reasonable number of compensable hours. *See Gonzalez*, 729 F.3d at 1201. The Court must thus review the billing records submitted by the requesting party and "exclude those hours for which it would be unreasonable to compensate." *Id.* at 1203. Defendants argue that many of the

hours expended on this matter were excessive. (Doc. 48). After a close review of the billing record submitted by Plaintiff (Doc. 46-2), the Court agrees with Defendants on multiple points and accordingly reduces certain hours billed by Plaintiff's Counsel and the research attorney.

### i. Non-Contemporaneous Billing Records

In support of its fee request, Plaintiff submits a chart detailing the time entries "For Services Rendered from 10/03/17 Through 04/27/20" and a supporting declaration by Plaintiff's Counsel. (Doc. 46-2). The submitted billing records were not based on contemporaneous timekeeping. (Riley Decl. ¶ 13 ("Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves. Having handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered.")). As a matter of best practice, contemporaneous timekeeping is the most reliable method, as it prevents overbilling clients and unwarranted fee-shifting requests. Other courts have addressed this. *See, e.g.*, *Duong*, 2014 WL 1478498, at *3 (requiring additional documentation supporting the fee award request based in part on the lack of contemporaneous time records); *J&J Sports Productions, Inc. v. Napuri*, 2013 WL 4428573, *2 (N.D. Cal. Aug. 15, 2013) ("Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff."). The Court here will use its own experience and discretion to determine the reasonableness of each time entry and adjust accordingly.

### ii. Clerical and Duplicated Tasks

Plaintiff's fee request includes certain billing entries for duplicative, clerical tasks completed by both Plaintiff's Counsel and his administrative assistant. (*See, e.g.*, the duplicated 4/17/18 and 9/11/18 time entries listing "Preparation and Service of Letter of Representation to defense counsel" by the administrative assistant and the nearly identical time entries listing "Review and Execution of Letter of Representation to defense counsel" by Plaintiff's Counsel on the same dates). (Doc. 46-2). Past courts have declined to include

1  similar clerical billing in the lodestar figure. *See Espinoza*, 2018 WL 1703630, at *2; *Albright*, 2013 WL 4094403, at *3. A reasonable fee award can include compensation for non-attorney individuals if their "labor contributes to work product." *Espinoza*, 2018 WL 1703630, at *2 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). The requesting party must also provide evidence that it is custom in the "relevant market" to bill for non-attorney work. *Id.* Otherwise, it is typically assumed that clerical, duplicated work is subsumed into firm overhead. *Id.*; Nadarajah *v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Plaintiff's Counsel does not provide evidence or explanation that it is custom in this district to bill for administrative assistant work. Accordingly, the Court will exclude any hours billed for his administrative assistant's work from the lodestar figure and any unreasonably duplicative work.

The fee request also includes multiple de minimis six-minute time-entry narratives for docket review and Court communications. (*See, e.g.*, the 0.10 time entry on 9/18/19 of Plaintiff's Counsel's "Review of the Court's Minute Order reassigning case") (Doc. 46-2). Other courts have found such entries as clerical in nature. *Espinoza*, 2018 WL 1703630, at *3; *G&G Closed Circuit Events, LLC v. Aguilar*, 2018 WL 6445883, *2 (S.D. Cal. Dec. 10, 2018). The Court likewise declines to include these time entries in the lodestar figure, thereby reducing the request for docket review and Court communications to 0.9 total compensable hours. Similarly, the Court finds that Counsel's review and execution of his Motion for Admission *Pro Hac Vice*, clerical in nature and will exclude that time from the lodestar figure. *See Nadarajah*, 569 F.3d at 921.

### iii. Boilerplate Documents

Plaintiff's Counsel has filed hundreds of actions similar to the current matter. A court may find a fee request excessive when the action is routine or substantially like prior actions brought forth by the same attorney. *See Patel*, 2018 WL 1609731, at *7; *Albright,* 2013 WL 4094403, at *4. Plaintiff's Counsel has a reputation for using boilerplate pleadings and form motions. *See, e.g.*, *Patel*, 2018 WL 1609731, at *7. As Judge Teilborg noted in an April 8, 2020 Order, "[t]he Court is constrained to review Mr.

Riley's bill with something of a jaundiced eye because of his well-known use of boilerplate pleadings and form motions in the many hundreds of actions similar to this one that he maintains across the country." *Espinoza*, 2020 WL 1703630, at *2. This Court will take the same approach. In the current matter, the Court will reduce the hours requested by Plaintiff's Counsel by 1.18 hours for boilerplate and routine items.

Most of the remaining undiscussed requested fees are hours billed by the unidentified research attorney. Although some of the corresponding time entries identify the documents prepared by the research attorney, they fail to "adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv. 54.2(e)(2). Time entries related to the preparation of pleadings or other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation." LRCiv. 54.2(e)(2)(C). Time entries related to legal research "must identify the specific legal issue research and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research." LRCiv. 54.2(e)(2)(B). If a time entry fails to do so, the court may reduce the fee award requested. LRCiv. 54.2(e)(2).

Because the timekeeping records do not adequately describe the services performed by the research attorney as required by LRCiv. 54.2(e)(2), the Court is unable to evaluate the reasonableness of the time expended. Accordingly, this work will be considered boilerplate and the requested fees will be reduced. For example, Plaintiff's Motion for Summary Judgment is nearly identical in all substantive regards to prior summary judgment motions filed by Plaintiff's Counsel. *Compare* Doc. 37-3 *with e.g.*, *Innovative Sports Management, Inc. v. Singh*, 2:18-cv-18-02211-PHX-MTL, Plaintiff's Brief in Support of Motion for Summary Judgment, Doc. 35-3 (D. Ariz. Nov. 1, 2019). The research attorney's requested fees have been reduced in the past for this practice. *See, e.g.*, *Patel*, 2018 WL 1609731, at *7. This time entry will be reduced from 8.0 hours to 2.0 hours. Plaintiff's Motion for Attorneys' Fees and Costs is also boilerplate and the research attorney's entry of 1.5 hours will be reduced to 0.75 hours. The 6.0 hours billed for review

of discovery and disclosures and updating research "re: devices and internet" and the 3.0 hours billed for research "re: recent Internet Decisions" will each be reduced by half, as these entries do not identify the pleading, paper, or other purpose necessitating the research.

### C.  Lodestar Determination

After eliminating clerical, duplicative, unsupported, and excessive charges, the Court finds that the reasonable fee award in this case to be $5,652.50. This amount corresponds to following lodestar figure calculation:

Thomas P. Riley (4.9 x 350)   =   $1,715.00
Research Attorney (26.25 x 150)   =   $3,937.50
TOTAL                         =   $5,652.50

While the Court reserves the right to adjust the lodestar figure upwards or downwards based upon a variety of factors, *see, e.g.*, *Gonzalez*, 729 F.3d at 1202, it declines to do so here. This fee award is reasonable in proportion to the $17,500 in damages awarded to Plaintiff under its 47 U.S.C. § 605 claim.

### D.  Nontaxable Cost

In addition to an attorneys' fee award, Plaintiff also seeks an award of nontaxable costs for investigative expenses in the amount of $665.00 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). (Doc. 46). To recover nontaxable investigator costs, the requesting party has the burden to show "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Espinoza*, 2020 WL 1703630, at *4. The only evidence Plaintiff offers is a declaration statement that in Plaintiff's Counsel's opinion, "the fee for the auditor's investigation in this case is a reasonable fee." (Riley Decl. ¶ 15). Plaintiff has clearly not met the burden required to recover nontaxable costs. The Court declines Plaintiff's request to recover nontaxable investigator costs.

/
/
/

**III. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Costs and Attorneys' Fees (Doc. 46) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff is awarded $5,652.50 in attorneys' fees and the motion is denied in all other respects.

Dated this 1st day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge